**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÁTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendants*
*Citibank, N.A. and Patrick Kehres*



FILED
DISTRICT COURT OF GUAM

DEC 3 1 2003

MARY L. M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| THOMAS KOICHI NAKAMINE<br>dba TAKAI'S ENTERPRISE,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A. (GUAM), PATRICK<br>KEHRES, individually, and DOES 1-10,<br>inclusive,<br><br>Defendants. | CIVIL CASE NO. CV **03 - 00 0 4 7**<br><br>**NOTICE OF REMOVAL OF**<br>**ACTION PURSUANT TO**<br>**12 U.S.C. § 632 (the "Edge Act")** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Citibank, N.A. (Guam) ("Citibank"),

with Defendant Patrick Kehres joining in this notice and consenting thereto, hereby removes

this action from the Superior Court of Guam to the United States District Court for the Territory

of Guam, based on original federal jurisdiction and removal jurisdiction pursuant to 12 U.S.C.

§ 632 and 28 U.S.C. § 1441(b), in that the Citibank is a corporation organized under the laws

of the United States and the suit herein arises out of transaction involving international or foreign

banking, or banking in a dependency or insular possession of the United States or through the

ownership or control of branches or local institutions in dependencies or insular possessions of

the United States within the meaning of 12 U.S.C. § 632 (the "Edge Act"), as more fully stated below:

1. Citbank N.A. (Guam) is a corporation organized and existing under the laws fo the United States. Specifically, Citibank is a national bank organized and existing under the laws of the United States (commonly known as the National Banking Act).

2. On or about December 12, 2003, an action against Citibank and co-defendant Patrick Kehres was commenced in the Superior Court of Guam, entitled "<u>Thomas Koichi Nakamine dba Takai's Enterprise vs. Citibank N.A. (Guam), Patrick Kehres, individually and Does 1-10 inclusive</u>," Civil Case No. CV2085-03 (hereinafter, the "Action"). A true and correct copy of the complaint is attached as Exhibit "A.

3. In the Complaint, the plaintiff alleges that Citibank and one of its vice-presidents are liable for damages arising out of an alleged failure by Citibank to process plaintiff's request for telegraphic transfer of funds to plaintiff's off island vendors (Complaint, ¶¶9 -22). Plaintiff alleges breach of contract arising out of the alleged failure (Complaint, ¶¶23-36), negligence arising out of the alleged failure (Complaint, ¶¶37-48), intentional infliction of emotional distress arising out of the alleged failure, and conversion arising out of the alleged failure of the defendants to return money on deposit with Citibank (Complaint, ¶¶56-61). The allegations of the Complaint clearly and unambiguously arise from transactions involving international or foreign banking and/or banking in a dependency or insular possession of the United States. Original jurisdiction over this matter is vested in this Court pursuant to 12 U.S.C. § 632 (the "Edge act") and Citibank is entitled to remove this action to this Court

2

pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1441(b). Title 12 U.S.C. § 632 provides for this

Court's original jurisdiction over this action and for the removal of this action as follows:

> Notwithstanding any other provision of law, all suits of a civil
> nature at common law or in equity to which any corporation
> organized under the laws of the United States shall be a party,
> arising out of transactions involving international or foreign
> banking, or banking in a dependency or insular possession of the
> United States, or out of other international or foreign financial
> operations, either directly or through the agency, ownership, or
> control of branches or local institutions in dependencies or insular
> possessions of the United States or in foreign countries, shall be
> deemed to arise under the laws of the United States, and the
> district courts of the United States shall have original jurisdiction
> of all such suits; and any defendant in any such suit may, at any
> time before the trial thereof, remove such suits from a State court
> into the district court of the United States for the proper district by
> following the procedure for the removal of causes otherwise
> provided by law. Such removal shall not cause undue delay in the
> trial of such case and a case so removed shall have a place on the
> calendar of the United States court to which it is removed relative
> to that which it held on the State court from which it was
> removed.

4.    This action is of a civil nature to which a corporation organized under the

laws of the United States is a party, Citibank, and which "arises out of transactions involving

international or foreign banking, or banking in a dependency or insular possession of the United

States, or out of other international or foreign financial operations, either directly or through the

agency, ownership, or control of branches or local institutions in dependencies or insular

possessions of the United States or in foreign countries," and, thus, under 12 U.S.C. § 632, this

Court has original jurisdiction over this action and this action may be removed to this Court

pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1441(b).

5.    The Complaint was and is the first pleading, motion, order or other paper

from which it could be ascertained by Citibank that the case is one which is, or has become,

3

removable by Citibank. The Complaint was filed in the Superior Court of Guam on December 12, 2003, and was served on Citibank on December 17, 2003, and on the co-defendant Kehres on December 16, 2003. No further proceedings have been had herein in the Superior Court of Guam.

6.      Title 28 U.S.C. § 632 provides that a defendant may remove a suit covered by section 632 "any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law," provided that "[s]uch removal shall not cause undue delay in the·trial of such case," and 28 U.S.C. § 1446(b) provides that notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." This notice of removal, filed within thirty (30) days of the filing and service of the complaint in the Superior Court of Guam, is, therefore, timely under both 12 U.S.C. § 632 and 28 U.S.C. § 1446(b).

7.      A true and correct copy of the summons and complaint served on Citibank in the above-entitled action is attached hereto as Exhibit "A" and a true and correct copy of the summons and complaint served on Kehres in the above-entitled action is attached hereto as Exhibit "B". No other process, pleading, or order has been served upon defendants in this action.

8.      Citibank has concurrently filed a motion with this Court, pursuant to 28 U.S.C. § 1447(b), for a writ of certiorari to the Superior Court of Guam directing the Superior Court of Guam to bring all records and proceedings in the Action to this Court.

4

WHEREFORE, the removing party prays that the above-entitled action be removed from the Superior Court of Guam to the District Court of Guam.

Respectfully submitted this 31st day of December, 2003.

TEKER CIVILLE TORRES & TANG, PLLC

By G. PATRICK CIVILLE
    Attorneys for Defendants Citibank, N.A.
    (Guam) and Patrick Kehres

RECEIVED
DEC 31 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

5

# EXHIBIT A



FILED
SUPERIOR COURT
OF GUAM

2003 DEC 12 PM 2: 42

CLERK OF COURT

BY:

1  THE LAW OFFICES OF MARK S. SMITH
2  456 West O'Brien Drive, Suite 102-D
   Hagatna, Guam 96910
3  Telephone: (671) 477-6631/32
   Facsimile:  (671) 477-8831
4
5  Attorney for Plaintiff,
   *Thomas Koichi Nakamine dba: Takai's Enterprise*
6
7              **IN THE SUPERIOR COURT OF GUAM**

8  THOMAS KOICHI NAKAMINE          )    CIVIL CASE NO: CV 2085 - 03
   dba: TAKAI'S ENTERPRISE,        )
9                                  )
10              Plaintiff,         )
                                   )
11         vs.                     )    **SUMMONS**
                                   )
12  CITIBANK, N.A. (GUAM), PATRICK )
13  KEHRES, individually, and DOES 1-10, )
    inclusive,                     )
14                                 )
                                   )
15              Defendants.        )
   _____)
16
17      **TO DEFENDANT:   CITIBANK, N.A. (GUAM)**

18      YOU ARE HEREBY summoned to and required to serve upon Plaintiff's attorney, Mark S.

19  Smith, whose address is 456 West O'Brien Drive, Suite 102-D, Hagatna, Guam 96910, and Answer

20
21  to the Complaint which is herewith served upon you within Twenty (20) days after service of this

22  Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be

23  taken against you for the relief demanded in the Complaint.

24                                      CLERK OF COURT
25
26
27                              By: _____
                                     Glenda L. Mendiola
28                                   DEPUTY CLERK

I do hereby certify that the foregoing
is a full true and correct copy of that
original on file in the office of the
clerk of the Superior Court of Guam

DEC 3 0 2003

My.Doc/Civil/Takai/dep
Summons.CitiBank                      Page 1 of 1

Linda M. Perez
Deputy Clerk, Superior Court of Guam

FILED
SUPERIOR COURT
OF GUAM

203 DEC 12 PM 2: 42

CLERK OF COURT

BY:

THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile:   (671) 477-8831

Attorney for Plaintiff,
*Thomas Koichi Nakamine dba: Takai's Enterprise*

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THOMAS KOICHI NAKAMINE<br>dba: TAKAI'S ENTERPRISE, | ) ) ) | CIVIL CASE NO.: 1085-03 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| CITIBANK, N.A. (GUAM), PATRICK<br>KEHRES, individually, and DOES 1-10,<br>inclusive, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## INTRODUCTION

1.     This action is to recover from Defendants, CitiBank, N.A. (Guam), Patrick Kehres, individually, and DOES 1-10, inclusive, for breach of contract and for certain common law claims.

2.     Plaintiff, Thomas Koichi Nakamine (hereinafter, Plaintiff), is and was at all relevant times, an individual residing on Guam and doing business as Takai's Enterprise, licensed as a sole proprietorship.

3.     Upon information and belief, Defendant, CitiBank, N.A. (Guam) (hereinafter, Defendant CitiBank), is and was at all relevant times a locally licensed banking institution with its principal place of business on Guam.

//

MSS:Civil/Takai/dep
Complaint.Superior.Court

4.     Upon information and belief, Defendant, Patrick Kehres, (hereafter, Defendant Kehres) is and was at all relevant times an individual residing on Guam.

5.     Plaintiff is informed and believes and thereupon allege, that at all times mentioned herein, that each of said defendants, including the DOES defendants, are jointly and severally liable as a principal, officer, agent, master, servant, employer, employee and partner of each of the remaining defendants and in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership. Furthermore, each defendant is responsible for the acts of the other defendants and its employees under the theory of respondent superior.

6.     Defendants are sued herein as DOES defendants because their identities are not yet known. If and when such identities become known, Plaintiff will name any such defendants in the place and stead of DOES defendants.

## JURISDICTION AND VENUE

7.     This court has jurisdiction in this matter pursuant to 7 G.C.A. § 3105 and 13 G.C.A. § 4101 et seq.

## FACTUAL CLAIMS

8.     On July 17, 2002, Plaintiff opened a checking account with Defendant CitiBank at its Hagatna branch under the account title, Takai's Enterprise.

9.     The description of the type of business and requirements necessary to serve Takai's Enterprise was explained to Naomi, Defendant CitiBank's employee. Plaintiff then informed her that he would be involved in the business of shipping merchandise and would receive a wire transfer of money through this account within a few days.

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 2 of 11

10.    On July 24, 2002, the wire transfer from JAC Holdings Company Ltd. in the total

amount of Two Hundred Nine Thousand Eight Hundred Dollars in United States currency

($209,800.00 U.S.) was sent to Takai's Enterprise CitiBank checking account #840-000-0000-

000129429.

11.    Shortly thereafter, on July 25, 2002, upon information and belief, Plaintiff's

account with Defendant CitiBank was credited the Two Hundred Nine Thousand Eight Hundred

Dollars ($209,800.00 U.S.).

12.    On July 25, 2002, Plaintiff made application for telegraphic funds transfer for

payment to Takai's Enterprise off-island vendors. The telegraphic funds transfer was applied for

the following vendors: Danny First, Merchandising Solutions, LLC, and Matt Matsuya/LAX Air

Express Services.

13.    The wire transfer money amount for each vendor is as follows: Forty Seven

Thousand Nine Hundred Thirty-three Dollars ($47,933.00 U.S.), Four Thousand Twenty-eight

Dollars and 70/100 ($4,028.70 U.S.), and Nine Thousand Dollars ($9,000.00 U.S.), respectively.

14.    Upon information and belief, Defendant CitiBank's employees represented that

Plaintiff's application for telegraphic funds transfer would be processed and the relevant vendors

paid. Based on Defendant CitiBank's employee representations, Plaintiff believed the wire

transfers were approved and would be completed within the next business day.

15.    On July 29, 2002, Takai's Enterprise business vendors contacted Plaintiff

notifying him that the wire transfers were never received. In response, Plaintiff informed his

vendors that he would follow-up with Defendant CitiBank.

16.    On July 30, 2002, Plaintiff's employee, Edna, inquired about the status of the telegraphic funds transfer by calling Defendant Citibank and informed her they were uncertain as to its status. Consequently, Plaintiff went to Defendant CitiBank's Hagatna branch and met various people and spent a considerable amount of time discussing the status of this matter. Plaintiff was informed by Florence, Defendant CitiBank's employee, that the wire transfers applied for were never processed.

17.    Plaintiff questioned why Defendant CitiBank did not process said wire transfers and Defendant CitiBank's employees provided no adequate explanation for their failure. Moreover, Plaintiff was informed that he was not allowed to make a wire transfer thereafter.

18.    To avoid any further delay and damage to Takai's Enterprise, Plaintiff requested to withdraw Nine Thousand Dollars ($9,000.00 U.S.) for payment of the freight to Matt Matsuya/LAX Air Express Service. Upon Plaintiff's request to withdraw Nine Thousand dollars ($9,000.00 U.S.) from his CitiBank account number 840-000-0000-000129429, Florence told him, "No, you are not allowed to make a withdrawal".

19.    Upon information and belief, Thomas Nakamine begged and pleaded with Defendant CitiBank's employees to make the withdraw, however, they refused. At this time, Plaintiff observed Defendant CitiBank's employees consulting with Defendant Patrick Kehres, CitiBank Manager, and upon their return rejected Plaintiff's request to make a withdraw of any amount of money from Plaintiff's account without providing an adequate explanation for their refusal.

//

//

20.     In order to mitigate damage from Defendant CitiBank's refusal to process said wire transfer, Plaintiff requested Defendant CitiBank to prepare a letter explaining the delay in payment to the vendors, however, Defendant CitiBank refused to honor Plaintiff's request causing further damage to his business reputation and credibility.

21.     On the same day, after further discussion and negotiations with Defendant CitiBank proved unsuccessful, Plaintiff was instructed that the only option for obtaining his money on deposit with Defendant CitiBank was to close the checking account at Defendant CitiBank's Hagatna branch.

22.     Upon the closing of said account with Defendant CitiBank, Defendant CitiBank finally released his money and thereafter, Plaintiff deposited said money with Citizens Security Bank. Plaintiff's request for wire transfer was immediately processed by Citizen's Security Bank with no further delays.

## FIRST CLAIM FOR RELIEF

## DEFENDANT CITIBANK'S FAILURE TO TIMELY PROCESS TELEGRAPHIC FUNDS TRANSFER APPLICATION IS A BREACH OF CONTRACT

23.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 22, as if fully stated herein.

24.     For purposes of this claim, Defendant CitiBank had a contractual duty to timely process the telegraphic funds transfer application of its client, Plaintiff Thomas Nakamine.

25.     On July 25, 2002, Plaintiff requested Defendant CitiBank to process telegraphic funds transfer for three vendors: Danny First Inc. in the amount of $47,933.00 (U.S.), Merchandising Solutions, LLC in the amount of $4,028.70 (U.S.) and Matt Matsuta/LAX Air Express Services in the amount of $9,000.00 (U.S.).

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 5 of 11

1

Complaint
Thomas Nakamine et al. v. Citibank, N.A. et al.                    Civil Case No:
2

3      26.    Plaintiff discovered that Defendant CitiBank breached its contractual duty because

4    its employees never processed Plaintiff's application when applied for on July 25, 2002, nor did it

5    process it by July 30, 2002, the day Plaintiff had discovered Defendant CitiBank's failure to

6
7    process said wire transfers and again requested the wire transfer be completed.

8      27.    Defendant CitiBank intentionally and/or negligently failed to process Plaintiff's

9    wire transfer request.

10     28.    As a direct and proximate result of Defendant's breach of contract, Plaintiff has

11
12   been injured in his business and property and has suffered damages as a result.

13     29.    Plaintiff is entitled to recover actual and consequential damages, costs and

14   attorney's fees which will be proven at trial.

15                            **SECOND CLAIM FOR RELIEF**

16
17   **DEFENDANT CITIBANK'S FAILURE TO PROCESS THE WIRE TRANSFER IN A
     TIMELY FASHION IS A BREACH OF CONTRACT ARISING FROM DEFENDANT
18   CITIBANK'S FAILURE TO ACT IN GOOD FAITH AND FAIR DEALING**

19     30.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

20   through 29, as if fully stated herein.

21
22     31.    For purposes of this claim, Plaintiff and Defendant CitiBank entered into a contract

23   for banking services.

24     32.    Pursuant to the terms of the contract and implicitly stated, Defendant CitiBank is

25
26   required to act in good faith with respect to its duties pursuant to the terms of its contract.

27   //

28   //

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 6 of 11

33.     Defendant CitiBank failed to act in good faith and fair dealing by failing to give notice to Plaintiff that it did not timely process his requested wire transfers and was likely to adversely affect the timely shipping of merchandise. Moreover, Defendant CitiBank failed to notify Plaintiff of its failure when inquired by Plaintiff.

34.     As a consequence of the delay discovered by Plaintiff, Plaintiff attempted to withdraw money from his CitiBank checking account, however, Defendant CitiBank intentionally withheld and maliciously refused to release Plaintiff's funds and did so with a conscious indifference to his rights.

35.     As a direct and proximate result of the Defendant CitiBank's failure to act in good faith and fair dealing, Plaintiff has been injured in his business and property and has suffered damages.

36.     Pursuant to the terms of the contract entered into between Plaintiff and Defendant CitiBank, Plaintiff is entitled to recover actual and consequential damages, cost and attorney's fees which will be proven at trial.

## THIRD CLAIM FOR RELIEF

### NEGLIGENCE

### (Count One)

37.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36, as if fully stated herein.

38.     Pursuant to Guam law 13 G.C.A. § 4103(1), Defendant CitiBank has a duty to exercise ordinary care when handling and processing Plaintiff's wire transfer requests.

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 7 of 11

39.    On July 25, 2002, Defendant CitiBank breached this duty when it failed to properly handle and timely process Plaintiff's application for telegraphic funds transfer to Mr. Matt Matsuya/LAX Air Express Services.

40.    As a direct and proximate result of Defendant CitiBank's breach, Plaintiff has suffered damages and is entitled to actual and consequential damages, costs and attorney's fees which will be proven at trial.

### (Count Two)

41.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40, as if fully stated herein.

42.    Pursuant to Guam law 13 G.C.A. § 4103(1), Defendant CitiBank has a duty to exercise ordinary care when handling and processing Plaintiff's wire transfer requests.

43.    On July 25, 2002, Defendant CitiBank breached this duty when it failed to properly handle and timely process Plaintiff's application for telegraphic funds transfer to Danny First, Inc.

44.    As a direct and proximate result of Defendant CitiBank's breach, Plaintiff has suffered damages and is entitled to actual and consequential damages, costs and attorney's fees which will be proven at trial.

### (Count Three)

45.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44, as if fully stated herein.

46.    Pursuant to Guam law 13 G.C.A. § 4103(1), Defendant CitiBank has a duty to exercise ordinary care when handling and processing Plaintiff's wire transfer requests.

//

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 8 of 11

47.     On July 25, 2002, Defendant CitiBank breached this duty when it failed to properly handle and timely process Plaintiff's application for telegraphic funds transfer to Merchandising Solutions, LLC.

48.     As a direct and proximate result of Defendant CitiBank's breach, Plaintiff has suffered damages and is entitled to actual and consequential damages, costs and attorney's fees which will be proven at trial.

## FOURTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

49.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48, as if fully stated herein.

50.     Pursuant to 13 G.C.A. § 4103 et seq. and commonlaw principles, Defendant CitiBank had a duty to exercise ordinary care towards Plaintiff.

51.     For purposes of this claim, Defendant CitiBank's conduct was extreme and outrageous and intended, or done in reckless disregard of the probability of severe emotional distress to Plaintiff in the conduct of its business, as sole proprietor of Takai's Enterprise.

52.     Plaintiff suffered severe emotional distress.

53.     Plaintiff's severe emotional distress was caused by Defendant CitiBank conduct and Defendant CitiBank's conduct was not privileged.

54.     As a direct and proximate result of Defendant CitiBank's conduct, Plaintiff has been injured to his person and has suffered damages in an amount to be determined at trial.

//

55.    Plaintiff is entitled to recover actual and punitive damages, costs and attorney's fees which will be proven at trial.

### FIFTH CLAIM FOR RELIEF

### CONVERSION

56.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 55, as if fully stated herein.

57.    Defendant CitiBank and Defendant Patrick Kehres are liable to Plaintiff for conversion by demand and refusal.

58.    On July 30, 2002, Principal, Defendant CitiBank, acting through its agent, Defendant Patrick Kehres, was in possession of Plaintiff's money as bailee, who, upon demand by Plaintiff, refused to surrender it to Plaintiff who was entitled to its immediate possession.

59.    Defendant, Patrick Kehres, is a person who aided and abetted Principal, Defendant CitiBank's conversion.

60.    Defendant CitiBank and Defendant Patrick Kehres, as Principal and Agent intentionally and maliciously withheld Plaintiff's money without proper qualification.

61.    As a result of Defendants' conduct, Plaintiff has suffered damages and is entitled to actual and consequential damages, exemplary and punitive damages, costs and attorney's fees and entitled to special damages resulting in Plaintiff's disgrace, injury to his business reputation and credit which will be proven at trial.

//

//

MSS:Civil/Takai/dep
Complaint.Superior.Court

## PRAYER FOR RELIEF

3

4          **WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

5          1.          For Defendant CitiBank's breach of contract, Defendant CitiBank's failure to act in
6
good faith and fair dealing, and Defendant CitiBank's negligence, actual and consequential damages
7
8     in the amount to be proven at trial, together with costs and reasonable attorney's fees.

9          2.          For Defendant CitiBank and Defendant Patrick Kehres intentional infliction of
10
emotional distress to Plaintiff, joint and several liability for actual and punitive damages along
11
12    with exemplary damages, costs and attorney's fees in an amount to be proven at trial.

13         3.          For Defendant CitiBank and Defendant Patrick Kehres conversion of Plaintiff's
14
property, joint and several liability for actual and punitive damages, along with exemplary and
15
16    special damages, costs and attorney's fees in and amount to be proven at trial.

17         4.          Such further relief as the court may deem just and proper.

## DEMAND FOR JURY

18

19    Plaintiff hereby demands a jury of six (6) in the above-entitled matter.

20    DATED this *12th* day of *December*, 2003.
21

22                                                       Respectfully submitted,
23

24                                      By:     *Mark Smith*
25
                                                **MARK S. SMITH, ESQ.**
26    *I do hereby certify that the foregoing*     Attorney for Plaintiff,
      *is a full true and correct copy of the*    *Thomas Koichi Nakamine dba: Takai's*
27    *original on file in the office of the*      *Enterprise*
      *clerk of the Superior Court of Guam*
28
              DEC 3 0 2003

      *Linda Muna Tourperan*
      *Deputy Clerk, Superior Court of Guam*

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 11 of 11

# EXHIBIT B



1  THE LAW OFFICES OF MARK S. SMITH
2  456 West O'Brien Drive, Suite 102-D
   Hagatna, Guam 96910
3  Telephone: (671) 477-6631/32
   Facsimile:  (671) 477-8831
4

2003 DEC 12 PM 2: 43

CLERK OF COURT

BY: _____

5  Attorney for Plaintiff,
   *Thomas Koichi Nakamine dba: Takai's Enterprise*
6

7                 **IN THE SUPERIOR COURT OF GUAM**

8  THOMAS KOICHI NAKAMINE          )    CIVIL CASE NO: **CV  2085-03**
   dba: TAKAI'S ENTERPRISE,        )
9                                  )
                                   )
10                Plaintiff,       )
                                   )
11          vs.                    )    **SUMMONS**
                                   )
12 CITIBANK, N.A. (GUAM), PATRICK  )
13 KEHRES, individually, and DOES 1-10, )
   inclusive,                     )
14                                 )
                                   )
15                Defendants.      )
   _____ )
16

17     **TO DEFENDANT:  PATRICK KEHRES**

18     YOU ARE HEREBY summoned to and required to serve upon Plaintiff's attorney, Mark S.

19 Smith, whose address is 456 West O'Brien Drive, Suite 102-D, Hagatna, Guam 96910, and Answer

20 to the Complaint which is herewith served upon you within Twenty (20) days after service of this
21
22 Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be

23 taken against you for the relief demanded in the Complaint.

24
                                        CLERK OF COURT
25
26                                      Glenric J. Mendiola
27                         By: _____
                                        DEPUTY CLERK
28

I hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 3 0 2003

Linda M. Barcenas
Deputy Clerk, Superior Court of Guam

My.Doc/Civil/Takai/dep
Summons.Patrick.Kehres                  Page 1 of  1

FILED
SUPERIOR COURT
OF GUAM

2003 DEC 12 PM 2: 42

CLERK OF COURT

BY:_____

THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile:  (671) 477-8831

Attorney for Plaintiff,
*Thomas Koichi Nakamine dba: Takai's Enterprise*

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THOMAS KOICHI NAKAMINE dba: TAKAI'S ENTERPRISE, <br><br> Plaintiff, <br><br> vs. <br><br> CITIBANK, N.A. (GUAM), PATRICK KEHRES, individually, and DOES 1-10, inclusive, <br><br> Defendants. | CIVIL CASE NO.:  1095-03 <br><br><br> **COMPLAINT** |

## INTRODUCTION

1.    This action is to recover from Defendants, CitiBank, N.A. (Guam), Patrick Kehres, individually, and DOES 1-10, inclusive, for breach of contract and for certain common law claims.

2.    Plaintiff, Thomas Koichi Nakamine (hereinafter, Plaintiff), is and was at all relevant times, an individual residing on Guam and doing business as Takai's Enterprise, licensed as a sole proprietorship.

3.    Upon information and belief, Defendant, CitiBank, N.A. (Guam) (hereinafter, Defendant CitiBank), is and was at all relevant times a locally licensed banking institution with its principal place of business on Guam.

//

MSS:Civil/Takai/dep
Complaint.Superior.Court

4.    Upon information and belief, Defendant, Patrick Kehres, (hereafter, Defendant Kehres) is and was at all relevant times an individual residing on Guam.

5.    Plaintiff is informed and believes and thereupon allege, that at all times mentioned herein, that each of said defendants, including the DOES defendants, are jointly and severally liable as a principal, officer, agent, master, servant, employer, employee and partner of each of the remaining defendants and in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership. Furthermore, each defendant is responsible for the acts of the other defendants and its employees under the theory of respondent superior.

6.    Defendants are sued herein as DOES defendants because their identities are not yet known. If and when such identities become known, Plaintiff will name any such defendants in the place and stead of DOES defendants.

## JURISDICTION AND VENUE

7.    This court has jurisdiction in this matter pursuant to 7 G.C.A. § 3105 and 13 G.C.A. § 4101 et seq.

## FACTUAL CLAIMS

8.    On July 17, 2002, Plaintiff opened a checking account with Defendant CitiBank at its Hagatna branch under the account title, Takai's Enterprise.

9.    The description of the type of business and requirements necessary to serve Takai's Enterprise was explained to Naomi, Defendant CitiBank's employee. Plaintiff then informed her that he would be involved in the business of shipping merchandise and would receive a wire transfer of money through this account within a few days.

10.      On July 24, 2002, the wire transfer from JAC Holdings Company Ltd. in the total amount of Two Hundred Nine Thousand Eight Hundred Dollars in United States currency ($209,800.00 U.S.) was sent to Takai's Enterprise CitiBank checking account #840-000-0000-000129429.

11.      Shortly thereafter, on July 25, 2002, upon information and belief, Plaintiff's account with Defendant CitiBank was credited the Two Hundred Nine Thousand Eight Hundred Dollars ($209,800.00 U.S.).

12.      On July 25, 2002, Plaintiff made application for telegraphic funds transfer for payment to Takai's Enterprise off-island vendors. The telegraphic funds transfer was applied for the following vendors: Danny First, Merchandising Solutions, LLC, and Matt Matsuya/LAX Air Express Services.

13.      The wire transfer money amount for each vendor is as follows: Forty Seven Thousand Nine Hundred Thirty-three Dollars ($47,933.00 U.S.), Four Thousand Twenty-eight Dollars and 70/100 ($4,028.70 U.S.), and Nine Thousand Dollars ($9,000.00 U.S.), respectively.

14.      Upon information and belief, Defendant CitiBank's employees represented that Plaintiff's application for telegraphic funds transfer would be processed and the relevant vendors paid. Based on Defendant CitiBank's employee representations, Plaintiff believed the wire transfers were approved and would be completed within the next business day.

15.      On July 29, 2002, Takai's Enterprise business vendors contacted Plaintiff notifying him that the wire transfers were never received. In response, Plaintiff informed his vendors that he would follow-up with Defendant CitiBank.

16.     On July 30, 2002, Plaintiff's employee, Edna, inquired about the status of the telegraphic funds transfer by calling Defendant Citibank and informed her they were uncertain as to its status. Consequently, Plaintiff went to Defendant CitiBank's Hagatna branch and met various people and spent a considerable amount of time discussing the status of this matter. Plaintiff was informed by Florence, Defendant CitiBank's employee, that the wire transfers applied for were never processed.

17.     Plaintiff questioned why Defendant CitiBank did not process said wire transfers and Defendant CitiBank's employees provided no adequate explanation for their failure. Moreover, Plaintiff was informed that he was not allowed to make a wire transfer thereafter.

18.     To avoid any further delay and damage to Takai's Enterprise, Plaintiff requested to withdraw Nine Thousand Dollars ($9,000.00 U.S.) for payment of the freight to Matt Matsuya/LAX Air Express Service. Upon Plaintiff's request to withdraw Nine Thousand dollars ($9,000.00 U.S.) from his CitiBank account number 840-000-0000-000129429, Florence told him, "No, you are not allowed to make a withdrawal".

19.     Upon information and belief, Thomas Nakamine begged and pleaded with Defendant CitiBank's employees to make the withdraw, however, they refused. At this time, Plaintiff observed  Defendant CitiBank's employees consulting with Defendant Patrick Kehres, CitiBank Manager, and upon their return rejected Plaintiff's request to make a withdraw of any amount of money from Plaintiff's account without providing an adequate explanation for their refusal.

//

//

20.     In order to mitigate damage from Defendant CitiBank's refusal to process said wire

transfer, Plaintiff requested Defendant CitiBank to prepare a letter explaining the delay in payment

to the vendors, however, Defendant CitiBank refused to honor Plaintiff's request causing further

damage to his business reputation and credibility.

21.     On the same day, after further discussion and negotiations with Defendant CitiBank

proved unsuccessful, Plaintiff was instructed that the only option for obtaining his money on deposit

with Defendant CitiBank was to close the checking account at Defendant CitiBank's Hagatna branch.

22.     Upon the closing of said account with Defendant CitiBank, Defendant CitiBank finally

released his money and thereafter, Plaintiff deposited said money with Citizens Security Bank.

Plaintiff's request for wire transfer was immediately processed by Citizen's Security Bank with no

further delays.

## FIRST CLAIM FOR RELIEF

## DEFENDANT CITIBANK'S FAILURE TO TIMELY PROCESS TELEGRAPHIC FUNDS TRANSFER APPLICATION IS A BREACH OF CONTRACT

23.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

through 22, as if fully stated herein.

24.     For purposes of this claim, Defendant CitiBank had a contractual duty to timely

process the telegraphic funds transfer application of its client, Plaintiff Thomas Nakamine.

25.     On July 25, 2002, Plaintiff requested Defendant CitiBank to process telegraphic

funds transfer for three vendors: Danny First Inc. in the amount of $47,933.00 (U.S.),

Merchandising Solutions, LLC in the amount of $4,028.70 (U.S.) and Matt Matsuta/LAX Air

Express Services in the amount of $9,000.00 (U.S.).

26.     Plaintiff discovered that Defendant CitiBank breached its contractual duty because its employees never processed Plaintiff's application when applied for on July 25, 2002, nor did it process it by July 30, 2002, the day Plaintiff had discovered Defendant CitiBank's failure to process said wire transfers and again requested the wire transfer be completed.

27.     Defendant CitiBank intentionally and/or negligently failed to process Plaintiff's wire transfer request.

28.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has been injured in his business and property and has suffered damages as a result.

29.     Plaintiff is entitled to recover actual and consequential damages, costs and attorney's fees which will be proven at trial.

<u>**SECOND CLAIM FOR RELIEF**</u>

<u>**DEFENDANT CITIBANK'S FAILURE TO PROCESS THE WIRE TRANSFER IN A TIMELY FASHION IS A BREACH OF CONTRACT ARISING FROM DEFENDANT CITIBANK'S FAILURE TO ACT IN GOOD FAITH AND FAIR DEALING**</u>

30.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 29, as if fully stated herein.

31.     For purposes of this claim, Plaintiff and Defendant CitiBank entered into a contract for banking services.

32.     Pursuant to the terms of the contract and implicitly stated, Defendant CitiBank is required to act in good faith with respect to its duties pursuant to the terms of its contract.

//

//

33.    Defendant CitiBank failed to act in good faith and fair dealing by failing to give notice to Plaintiff that it did not timely process his requested wire transfers and was likely to adversely affect the timely shipping of merchandise. Moreover, Defendant CitiBank failed to notify Plaintiff of its failure when inquired by Plaintiff.

34.    As a consequence of the delay discovered by Plaintiff, Plaintiff attempted to withdraw money from his CitiBank checking account, however, Defendant CitiBank intentionally withheld and maliciously refused to release Plaintiff's funds and did so with a conscious indifference to his rights.

35.    As a direct and proximate result of the Defendant CitiBank's failure to act in good faith and fair dealing, Plaintiff has been injured in his business and property and has suffered damages.

36.    Pursuant to the terms of the contract entered into between Plaintiff and Defendant CitiBank, Plaintiff is entitled to recover actual and consequential damages, cost and attorney's fees which will be proven at trial.

## THIRD CLAIM FOR RELIEF

## NEGLIGENCE

## (Count One)

37.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36, as if fully stated herein.

38.    Pursuant to Guam law 13 G.C.A. § 4103(1), Defendant CitiBank has a duty to exercise ordinary care when handling and processing Plaintiff's wire transfer requests.

39.     On July 25, 2002, Defendant CitiBank breached this duty when it failed to properly handle and timely process Plaintiff's application for telegraphic funds transfer to Mr. Matt Matsuya/LAX Air Express Services.

40.     As a direct and proximate result of Defendant CitiBank's breach, Plaintiff has suffered damages and is entitled to actual and consequential damages, costs and attorney's fees which will be proven at trial.

### (Count Two)

41.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40, as if fully stated herein.

42.     Pursuant to Guam law 13 G.C.A. § 4103(1), Defendant CitiBank has a duty to exercise ordinary care when handling and processing Plaintiff's wire transfer requests.

43.     On July 25, 2002, Defendant CitiBank breached this duty when it failed to properly handle and timely process Plaintiff's application for telegraphic funds transfer to Danny First, Inc.

44.     As a direct and proximate result of Defendant CitiBank's breach, Plaintiff has suffered damages and is entitled to actual and consequential damages, costs and attorney's fees which will be proven at trial.

### (Count Three)

45.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44, as if fully stated herein.

46.     Pursuant to Guam law 13 G.C.A. § 4103(1), Defendant CitiBank has a duty to exercise ordinary care when handling and processing Plaintiff's wire transfer requests.

//

47.     On July 25, 2002, Defendant CitiBank breached this duty when it failed to properly

handle and timely process Plaintiff's application for telegraphic funds transfer to Merchandising

Solutions, LLC.

48.     As a direct and proximate result of Defendant CitiBank's breach, Plaintiff has

suffered damages and is entitled to actual and consequential damages, costs and attorney's fees

which will be proven at trial.

## FOURTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

49.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

through 48, as if fully stated herein.

50.     Pursuant to 13 G.C.A. § 4103 et seq. and commonlaw principles, Defendant

CitiBank had a duty to exercise ordinary care towards Plaintiff.

51.     For purposes of this claim, Defendant CitiBank's conduct was extreme and

outrageous and intended, or done in reckless disregard of the probability of severe emotional

distress to Plaintiff in the conduct of its business, as sole proprietor of Takai's Enterprise.

52.     Plaintiff suffered severe emotional distress.

53.     Plaintiff's severe emotional distress was caused by Defendant CitiBank conduct and

Defendant CitiBank's conduct was not privileged.

54.     As a direct and proximate result of Defendant CitiBank's conduct, Plaintiff has been

injured to his person and has suffered damages in an amount to be determined at trial.

//

MSS:Civil/Takai/dep
Complaint.Superior.Court

55.     Plaintiff is entitled to recover actual and punitive damages, costs and attorney's fees which will be proven at trial.

## FIFTH CLAIM FOR RELIEF

## CONVERSION

56.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 55, as if fully stated herein.

57.     Defendant CitiBank and Defendant Patrick Kehres are liable to Plaintiff for conversion by demand and refusal.

58.     On July 30, 2002, Principal, Defendant CitiBank, acting through its agent, Defendant Patrick Kehres, was in possession of Plaintiff's money as bailee, who, upon demand by Plaintiff, refused to surrender it to Plaintiff who was entitled to its immediate possession.

59.     Defendant, Patrick Kehres, is a person who aided and abetted Principal, Defendant CitiBank's conversion.

60.     Defendant CitiBank and Defendant Patrick Kehres, as Principal and Agent intentionally and maliciously withheld Plaintiff's money without proper qualification.

61.     As a result of Defendants' conduct, Plaintiff has suffered damages and is entitled to actual and consequential damages, exemplary and punitive damages, costs and attorney's fees and entitled to special damages resulting in Plaintiff's disgrace, injury to his business reputation and credit which will be proven at trial.

//

//

MSS:Civil/Takai/dep
Complaint.Superior.Court

Complaint
Thomas Nakamine et al. v. Citibank, N.A. et al.                    Civil Case No:

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1.      For Defendant CitiBank's breach of contract, Defendant CitiBank's failure to act in good faith and fair dealing, and Defendant CitiBank's negligence, actual and consequential damages in the amount to be proven at trial, together with costs and reasonable attorney's fees.

2.      For Defendant CitiBank and Defendant Patrick Kehres intentional infliction of emotional distress to Plaintiff, joint and several liability for actual and punitive damages along with exemplary damages, costs and attorney's fees in an amount to be proven at trial.

3.      For Defendant CitiBank and Defendant Patrick Kehres conversion of Plaintiff's property, joint and several liability for actual and punitive damages, along with exemplary and special damages, costs and attorney's fees in and amount to be proven at trial.

4.      Such further relief as the court may deem just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a jury of six (6) in the above-entitled matter.

DATED this *12th* day of *December*, 2003.

Respectfully submitted,

By: _____

**MARK S. SMITH, ESQ.**
Attorney for Plaintiff,
*Thomas Koichi Nakamine dba: Takai's Enterprise*

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 3 1 2003



Linda Mar Tydingco
Deputy Clerk, Superior Court of Guam

MSS:Civil/Takai/dep
Complaint.Superior.Court                    Page 11 of 11