**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendants*
*Citibank, N.A. and Patrick Kehres*



IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| THOMAS KOICHI NAKAMINE dba TAKAI'S ENTERPRISE, <br><br> Plaintiff, <br><br> vs. <br><br> CITIBANK, N.A. (GUAM), PATRICK KEHRES, individually, and DOES 1-10, inclusive, <br><br> Defendants. | CIVIL CASE NO. 03-00047 <br><br><br><br><br> ANSWER OF DEFENDANTS CITIBANK, N.A. (GUAM) AND PATRICK KEHRES |

Defendants, Citibank, N.A. (Guam) and Patrick Kehres, respond and answer to the allegations in the Complaint as follows:

### FIRST DEFENSE

1. The Complaint in whole or in part fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

2. Deny the allegations in paragraph 1 of the Complaint.

3. Admit the allegations in paragraph 2 of the Complaint


Case 1:03-cv-00047   Document 7   Filed 01/05/2004   Page 1 of 8

4. Admit the allegations in paragraph 3 of the Complaint.

5. Admit the allegations in paragraph 4 of the Complaint.

6. Deny the allegations in paragraph 5 of the Complaint.

7. Deny the allegations in paragraph 6 of the Complaint.

8. Deny the allegations in paragraph 7 of the Complaint that the Superior Court of Guam has jurisdiction over this matter, and affirmatively allege that the District Court of Guam has original jurisdiction over this action pursuant to 12 U.S.C. § 632 (the "Edge Act") and 28 U.S.C. § 1331.

9. Admit the allegations in paragraph 8 of the Complaint, except to note that the checking account was opened on July 16, 2002 and not July 17 as alleged said paragraph.

10. Deny the allegations in paragraph 9 of the Complaint.

11. Admit the allegations in paragraph 10 of the Complaint.

12. Admit the allegations in paragraph 11 of the Complaint.

13. Admit the allegations in paragraph 12 of the Complaint, except that the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation describing the transferees as "Takai's Enterprise off-island vendors", and therefor deny the same.

14. Admit the allegations in paragraph 13 of the Complaint, except that the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation describing the transferees as "each vendor", and therefor deny the same.

15. Deny the allegations in paragraph 14 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and the allegations therein are therefore denied.

17. Deny the allegations paragraph 15 of the Complaint, except to admit that plaintiff met with Citibank personnel and discussed the matter as alleged in the second sentence of paragraph 15.

18. Deny the allegations in paragraph 17 of the Complaint.

19. Deny the allegations in paragraph 18 of the Complaint.

20. Deny the allegations in paragraph 19 of the Complaint.

21. Deny the allegations in paragraph 20 of the Complaint, except to admit that Citibank declined to send a letter to the alleged vendors.

22. Deny the allegations in paragraph 21 of the Complaint.

23. In answer and response to the allegations in paragraph 22 of the Complaint, defendants admit only that the entire balance in plaintiff's account was released to him at the time his account was closed. Defendants deny the word "finally" in the first sentence of paragraph 22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the complaint and, therefore, those allegations are denied.

24. Answer and Respond to the allegation in paragraph 23 of the Complaint by incorporating by reference, as though fully set forth herein, their foregoing answers and responses to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

25. Deny the allegations in paragraph 24 of the Complaint.

3

26. Admit the allegations in paragraph 25 of the Complaint, except that the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation describing the transferees as "three vendors", and therefor deny the same.

27. Deny the allegations in paragraph 26 of the Complaint.

28. Deny the allegations in paragraph 27 of the Complaint.

29. Deny the allegations in paragraph 28 of the Complaint.

30. Deny the allegations in paragraph 29 of the Complaint.

31. Answer and respond to the allegations in paragraph 30 of the Complaint by incorporating by reference, as though fully set forth herein, their foregoing answers responses to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32. In answer and response to paragraph 31 of the Complaint, deny that plaintiff and Citibank entered into a a contract for banking services "for the purposes of this claim" as alleged in paragraph 31 of the Complaint.

33. Deny the allegations in paragraph 32 of the Complaint.

34. Deny the allegations in paragraph 33 of the Complaint.

35. Deny the allegations in paragraph 34 of the Complaint.

36. Deny the allegations in paragraph 35 of the Complaint.

37. Deny the allegations in paragraph 36 of the Complaint.

38. Answer and respond to the allegations in paragraph 37 of the Complaint by incorporating by reference, as though fully set forth herein, their foregoing answers and responses to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

39. Deny the allegations in paragraph 38 of the Complaint.

40. Deny the allegations in paragraph 39 of the Complaint.

41. Deny the allegations in paragraph 40 of the Complaint.

42. Answer and respond to the allegations in paragraph 41 of the Complaint by incorporating by reference, as though fully set forth herein, their answers and responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

43. Deny the allegations in paragraph 42 of the Complaint.

44. Deny the allegations in paragraph 43 of the Complaint.

45. Deny the allegations in paragraph 44 of the Complaint.

46. Answer and respond to the allegations in paragraph 45 of the Complaint by incorporating by reference, as though fully set forth herein, their responses to paragraphs 1 through 44 as if fully set forth herein.

47. Deny the allegations in paragraph 46 of the Complaint.

48. Deny the allegations in paragraph 47 of the Complaint.

49. Deny the allegations in paragraph 48 of the Complaint.

50. Answer and respond to the allegation in paragraph 49 of the Complaint by incorporating by reference, as though fully set forth herein, their responses to paragraphs 1 through 48 as if fully set forth herein.

51. Deny the allegations in paragraph 46 of the Complaint.

52. Deny the allegations in paragraph 51 of the Complaint.

53. Deny the allegations in paragraph 52 of the Complaint.

54. Deny the allegations in paragraph 53 of the Complaint.

55. Deny the allegations in paragraph 54 of the Complaint.

56. Deny the allegations in paragraph 55 of the Complaint.

57. Answer and respond to the allegations in paragraph 56 of the Complaint by incorporating by reference, as though fully set forth herein, their responses to paragraphs 1 through 55 as if fully set forth herein.

58. Deny the allegations in paragraph 57 of the Complaint.

59. Deny the allegations in paragraph 58 of the Complaint.

60. Deny the allegations in paragraph 59 of the Complaint.

61. Deny the allegations in paragraph 60 of the Complaint.

62. Deny the allegations in paragraph 61 of the Complaint.

63. Defendants deny each and every other allegation in the Complaint not specifically addressed above.

## FIRST AFFIRMATIVE DEFENSE

64. The defendants are informed and believe and thereon allege that the damages referred to in the complaint by the plaintiff were proximately caused by the plaintiff and/or others affiliated in any manner with the plaintiff in that at all times relevant herein, the plaintiff failed to exercise for his own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if the defendants committed any wrongful act at all [which is denied], the aforesaid conduct of the plaintiff and/or entities or persons associated in any manner with the plaintiff contributed to the happenings of the alleged damages. Any injuries or damages Plaintiff sustained were caused primarily by his own negligence and his claims are therefore barred. Alternatively, any injuries or damages

6

Plaintiff sustained were partially caused by his own negligence, and his damages, if any, must be reduced by the percentage of causal negligence attributable to him.

## SECOND AFFIRMATIVE DEFENSE

65. The defendants allege that the plaintiff's actions constituted a full release and waiver by the plaintiff of any and all claims which the plaintiff may have against the cross defendant.

## THIRD AFFIRMATIVE DEFENSE

66. The defendants are informed and believe and thereon allege that the plaintiff has failed to mitigate and lessen damages, if any it sustained, as required by law, and is barred from recovery by reason thereof against the defendants.

## FOURTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims alleged in the Complaint are barred by the doctrine of estoppel (equitable and legal).

## FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims alleged in the Complaint are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff's claim alleged in the Complaint are barred by the doctrine of acceptance.

## SEVENTH AFFIRMATIVE DEFENSE

70. The claims in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims alleged in the Complaint are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

72. Plaintiff has released defendants from liability for the claims set forth in the Complaint.

WHEREFORE, defendants pray that the complaint be dismissed and that plaintiff take nothing thereby, for costs of suit and such other relief as the Court deems appropriate.

Respectfully submitted this 5th day of January, 2004.

TEKER CIVILLE TORRES & TANG, PLLC

By G. PATRICK CIVILLE
Attorneys for Defendants Citibank, N.A. (Guam) and Patrick Kehres